**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cr-71-3 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| ANTHONY SCOTT, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING GOVERNMENT'S MOTION FOR**
**REVOCATION OF THE ORDER OF CONDITIONS OF RELEASE**
**(DOC. NO. 34) AND ORDERING THAT DEFENDANT REMAIN DETAINED**

---

Before the Court is the Government's Motion for Revocation of the Order of Conditions of Release (the "Government's Motion" or the "Motion") (Doc. No. 34). For reasons outlined below, the Court **GRANTS** the Government's Motion (Doc. No. 34); **REVOKES** the Court's previous Order Releasing Defendant (the "Release Order") (Doc. No. 36) and the Order Setting Conditions of Release (the "Conditions Order") (Doc. No. 37); and, finally, **ORDERS** that Defendant Anthony Scott ("Scott") remain detained in federal custody pending trial.

## I.  BACKGROUND

On June 23, 2026, the Government charged Scott, as well as three alleged co-conspirators, by indictment with various drug trafficking and firearm offenses. (*See generally* Doc. No. 18.) Scott, specifically, was charged with four counts (Counts 1, 2, 5, and 7 of the Indictment): conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count 1"); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) ("Count 2"); knowingly and

1

intentionally distributing fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) ("Count 5"); and knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 7"). (*Id.* at PageID 74–80.) As will prove relevant below, a defendant, such as Scott here, charged with a violation of 21 U.S.C. 841(b)(1)(A) is eligible for a term of imprisonment not "less than 10 years or more than life . . . ." 21 U.S.C. § 841(b)(1)(A).

Pursuant to the Government's Motion for Pretrial Detention (Doc. No. 27), the Court held a detention hearing on July 7, 2026. (*See* Minute Entry, 7/7/2026.) Following that hearing, the Court issued its Release Order (Doc. No. 36), and the Magistrate Judge ordered that the U.S. Marshals Service "immediately release [Scott], subject to any conditions imposed by the Court." (Doc. No. 36 at PageID 149.) By its Conditions Order, the Court imposed various bond conditions, including home confinement. (Doc. No. 37 at PageID 150–53.) Consequently, the Government filed its present Motion, requesting review of the Magistrate Judge's Release and Condition Orders, pursuant to 18 U.S.C. § 3145(a)(1). (*See* Doc. No. 34.) The Government filed said Motion on July 7, 2026. (*See generally id.*) Scott responded to the Government's Motion on that same day. (*See generally* Doc. No. 38.) In light of the Government's Motion and Scott's Response, the Court stayed the Magistrate Judge's Release and Conditions Orders, and further scheduled this matter for a hearing. (*See* Notation Orders, 7/8/20206.) The hearing took place on July 15, 2026. (*See* Minute Entry, 7/17/2026.) Consequently, the Government's Motion and Scott's papers in opposition are ripe for review.

## II.    <u>LEGAL STANDARD</u>

The procedural vehicle employed by the Government's Motion in pursuing the instant review is by way of 18 U.S.C. § 3145, which provides, in relevant part:

2

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court[,] the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .

18 U.S.C. § 3145(a)(1). "This Court reviews de novo an appeal from a magistrate judge's order of release or detention." *United States v. Fata*, No. 13-30484, 2013 WL 4084765, at *5 (E.D. Mich. Aug. 13, 2013) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)). In other words, after conducting a hearing, if the reviewing "judicial officer finds that no condition or combination will reasonably assure the appearance of the person as required and the safety of any other persons and the community, such judicial officer shall order the detention of the person before the trial." 18 U.S.C. § 3142(e). Put simply, "[e]ither finding—flight risk or community danger—can support detention." *United States v. Brown*, 601 F. Supp. 3d 196, 200 (W.D. Ky. 2022).

However, when, as here, "an offense for which a maximum term of imprisonment of ten years or more is prescribed subject to the Controlled Substances Act[,]" then a rebuttable presumption arises. 18 U.S.C. § 3142(e)(3)(A). Pursuant to the statutory presumption and "[s]ubject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community if the judicial officer finds there is probable cause to believe that the person committed" such an offense. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). While "[t]he presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person and the community[,] [t]he government retains the burden of persuasion." *Id*. at 77–78. "Although a defendant's burden of production is not heavy, he must introduce at least some evidence." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citations and quotation marks omitted). "And even when a

3

defendant rebuts the presumption, the Court still considers 'Congress's substantive judgement that particular classes of offenders should ordinarily be detained prior to trial' in its detention-factor analysis." *United States v. Franklin,* No. 1:22-CR-00521, 2022 WL 16695209, at *2 (N.D. Ohio Nov. 3, 2022) (quoting *Stone*, 608 F.3d at 945). The factors courts consider in determining whether certain conditions of release may reasonably assure the appearance of the defendant and the safety of the community are as follows:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
> (2) The weight of evidence against the person;
> (3) The history and characteristics of the person, including--
>> (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, employment, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). All in all, even if a defendant does rebut the abovementioned presumption, the detention factors may nevertheless weigh in favor of, and therefore warrant, detention. *See e.g.*, *United States v. Bigham*, No. 2:25-MJ-00310, 2025 WL 3214328, at *4 (S.D. Ohio Nov. 18, 2025).

### III.   ANALYSIS

As mentioned, the Government has moved for review of the Magistrate Judge's Release and Conditions Orders (Doc. Nos. 36, 37) pursuant to 18 U.S.C. § 3145(a)(1), which establishes the procedural mechanism by which the Government may obtain a district judge's review of a magistrate judge's order to release a defendant awaiting trial. *See* 18 U.S.C. § 3145(a)(1). In its Motion, the Government first argues Scott's charge under Count 1 carries a rebuttable presumption

in favor of detention.[1] Although the Government does not seem to argue Scott is a flight risk, it maintains Scott poses a danger to the community. (*See* Doc. No. 34 at PageID 146.) More specifically, the Government relies on an alleged event that occurred on May 28, 2026, where Scott purportedly "was present and handed his co-defendant . . . two firearms—one of which had a 'switch' on it, making it a machine [] gun—to sell." (*Id*.) Although Scott was not charged for this particular incident, the Government avers Scott was present for and an active participant in the sale of a machine gun. (*Id*.) Additionally, the Government argues that, on a separate occasion, Scott "possess[ed] a firearm during" and "agreed to provide armed protection" for a "large-scale drug transaction" involving Scott and his co-conspirators. (*Id*.) These two instances, or so the Government's argument goes, demonstrate that Scott is a danger to the community and is therefore ineligible for bond. (*Id*.)

In his Response, Scott argues the Magistrate Judge was correct in finding he had overcome the detention presumption at his initial detention hearing. (Doc. No. 38 at PageID 160.) Scott also highlights the fact that he was not charged for the incident where he allegedly handed a machine gun to his co-conspirator. (*Id*.) Regarding the second incident where Scott allegedly acted as "armed protection" (with a manual pistol, as opposed to a machine gun) during a drug deal, Scott maintains that "the Government failed to show that [he] could not be in possession of a gun at that time." (*Id*. at PageID 161.) Finally, Scott's Response points to the fact that he has a very limited criminal history and has "never been convicted of a drug offense or an offense of violence." (*Id*.

---

[1] Neither party disputes that a rebuttable presumption in favor of detention arises where a defendant is charged with a violation of 21 U.S.C. § 841(b)(1)(A). *See* 18 U.S.C. 3142(e)(3)(A) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."); *see also* 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation of subsection (a) of this section involving . . . 400 grams or more of a mixture or substance containing a detectable amount of [fentanyl] . . . such person shall be sentenced to a term of imprisonment which may *not be less than 10 years* or more than life . . . ." (emphasis added)).

at PageID 160.) For those reasons, according to Scott, he should be released on bond pending his trial. (*Id.* at PageID 161.)

At the July 15, 2026 hearing, the Court heard evidence proffered by both the Government and Scott, and it also admitted Government's Exhibits 1, 2, 3, 4, 5, and 7, without objection, for purposes of the hearing. (*See* Minute Entry, 7/17/2026.) Based on the parties' respective proffers and the record as a whole, the Government seems to rely on three separate events to support its position. (*Id.*) First, on May 28, 2026, Scott allegedly handed firearms—one of which was a machine gun—to his co-conspirator. (*See* Doc. No. 46 at PageID 189.) Scott was not charged with said event. (*Id.*) Government's Exhibit 7 depicts Scott holding a machine gun during the May 28 event. (*See* Gov't Ex. 7.) The second incident occurred on June 9, 2026, when Scott purportedly "agreed to provide armed protection for what he believed to be a drug deal." (Doc. No. 46 at PageID 189.) Government's Exhibits 1, 2, 3, 4, and 5 allegedly illustrate Scott wielding a firearm during the June 9 event. (*See* Gov't Ex. 1–5.) Although said firearm was a manual pistol, as opposed to a machine gun, it is the Government's position that Scott arrived at the encounter armed with the intent to provide protection during a drug deal. (*See* Doc. Nos. 46 at PageID 189–90; 34 at PageID 146.) The final incident occurred on June 14, 2026, where Scott allegedly conspired with his co-defendants and sold fentanyl. (*See* Doc. No. 46 at PageID 190.) At the hearing, the Government argued that these events, in themselves, make Scott an unsuitable candidate for bond. (Minute Entry, 7/17/2026.)

In response to the Government's proffer, Scott raised various points in favor of release at the July 15, 2026 hearing. (*Id.*) Scott reiterated he has no violent or drug convictions, a relatively minimal criminal history, and he also noted he was not charged for the May 28 event. (*Id.*) Scott averred that his only pending charges include misdemeanor traffic violations. (*Id.*) Scott further

6

highlighted that he has no history of absconding, and in fact, turned himself in after receiving notice of the present criminal charges. (*Id.*) Although he did not specify an exact type of employment, Scott maintains he is gainfully employed and is a native Daytonian. (*Id.*) Finally, Scott assured the Court that his many local family members, who were present for the hearing, would be willing to serve as third-party custodians and ensure he remains on the right path. (*Id.*)

Having considered the parties' filings, the evidence presented at the July 15 hearing, and the record as a whole, the Court next turns to whether Scott has rebutted the presumption favoring detention. In short, he has not. During the hearing, Scott expended a great deal of time arguing he does not pose a flight risk. That very well may be so, but when asked what evidence, if any, could lead the Court to the conclusion that he does not pose a danger to the community, Scott merely cited his limited criminal history. *See United States v. Hamilton*, No. 3:23-CR-97, 2023 WL 8461636, at *2 (W.D. Ky. Dec. 6, 2023) ("The problem for Hamilton is community danger, not flight risk. He doesn't appear to have introduced some evidence contrary to the presumed fact of danger to others and the community in order to rebut the presumption." (internal alterations, quotation marks, and citations omitted)). And a limited criminal history, alone, is insufficient to support a finding that Scott does not pose a danger to the community. *See United States v. Bigham*, No. 2:25-MJ-00310, 2025 WL 3214328, at *2 (S.D. Ohio Nov. 18, 2025) ("[A]ny argument regarding Bigham's background or lack of criminal history similarly fails because it is not evidence demonstrating how he would not be a danger."); *United States v. Vance*, No. 5:20-063, 2023 WL 116331, at *2 (E.D. Ky. Jan. 5, 2023) ("In short, the defendants cannot establish that they do not pose a danger to the community solely because they did not commit violent crimes."). While Scott may not be a flight risk, he has proffered no evidence to dispel the Court's primary concern—that he is a danger to the community. For that reason, Scott has failed to rebut the

7

§ 3142(e)(3)(A) presumption of detention.

Even had he overcome the presumption, the detention factors nevertheless weigh against Scott. First, the nature and circumstances of the offenses charged are quite serious, as they include several counts of conspiracy, drug, and firearm-related offenses. As for the second factor—the weight of evidence against the defendant[2]—all six exhibits presented by the Government depict Scott either handing over a machine gun or allegedly wielding a pistol while serving as armed protection in furtherance of a drug deal. The Court strains to see how these images could be construed as anything but a portrayal of dangerousness. The third factor, the history and characteristics of the defendant, is the only factor that tips the scales in Scott's favor. Scott certainly seems to have strong family ties in the community, but that fact, at most, lends to Scott's assurances that he will return for court appearances, but says very little about his dangerousness. *See United States v. Smith*, No. 20-CR-814, 2021 WL 615301, at *7 (N.D. Ohio Feb. 17, 2021) ("The Court acknowledges that Defendant's life-long residency in the community and his strong family ties in the community, to include a fiancé and two children, as well as immediate and extended family members, mitigate against the risk of flight, but they do not mitigate against the dangerousness he poses to the community."). And, once again, the mere fact that Scott "has no criminal history, does not necessarily mean that he is not a danger to the community" because "[a] lack of criminal history does not mandate release." *United States v. Smith*, No. 5:20-cr-74, 2021 WL 143747, at *5 (E.D. Ky. Jan. 15, 2021). Finally, and most notably, there is no doubt that Scott has been charged with very serious offenses. *See United States v. McGlory*, No. 2:17-CR-20489, 2020 WL 1905719, at *4 (E.D. Mich. Apr. 17, 2020) ("The offense McGlory is charged with—conspiracy to distribute controlled substances—is a serious one which carries indicia of danger."); *United States v. Wright*,

---

[2] "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

8

No. 5:19-CR-239, 2020 WL 3637588, at *3 (N.D. Ohio July 6, 2020) ("[T]he unlawful distribution of fentanyl is an extremely serious crime."); *United States v. Thompson*, No. 04-4157, 1995 WL 438398, at *3 (6th Cir. July 24, 1995) (considering possession with intent to distribute controlled substances and carrying firearms in furtherance of a drug trafficking crime "serious offense[s]"). In sum, even assuming Scott rebutted the detention presumption (he did not), while the third factor may weigh slightly in Scott's favor, the other three conclusively call for detention pending trial.

## IV.     CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion to Revoke Order of the Conditions of Release (Doc. No. 34); **REVOKES** the Court's previous Order Releasing Defendant (Doc. No. 36) and the Order Setting Conditions of Release (Doc. No. 37); and finally, **ORDERS** that Defendant Anthony Scott remain detained in federal custody pending trial.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, July 21, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

9